G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com
Attorneys for Plaintiff,
HEATHER ESGET

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ESGET<br><br>Plaintiff,<br><br>vs.<br><br>J.C. CHRISTENSEN & ASSOCIATES, INC.; DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Heather Esget brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant JC CHRISTENSEN & ASSOCIATES, INC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("RFDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Heather Esget is an adult individual who resides in Mariposa, California and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Defendant JC CHRISTENSEN & ASSOCIATES, INC. is a corporation with offices in Sauk Rapids, Minnesota.

6. At all relevant times herein, Defendant JC CHRISTENSEN & ASSOCIATES, INC. was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a(6), and the RFDCPA, Cal Civ Code § 1788.2(c).

## FACTS

7. Defendant is attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

8. Within the last year, Defendant repeatedly called Plaintiff at her place of employment at telephone number (209) 228-7482 and (559) 760-4010 from

(320) 534-4314. An employee of Defendant's, Julie Nelson, demands a return phone call back at (866) 265-4151 notwithstanding the fact that Plaintiff repeatedly advised Defendant that her employer prohibits Plaintiff from receiving such communications.

9. Defendant's supervisor repeatedly advised Defendant not to call Plaintiff's place of employment any further because Plaintiff's employer prohibits such communications, but Defendant nonetheless persisted in repeatedly calling Plaintiff at her place of employment.

10. Defendant threatened to file a lawsuit against Plaintiff, but has not done so and does not intend to do so.

11. Defendant was rude and abusive to Plaintiff.

12. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1 - 12.

14. Defendant thereby violated the following provisions of the FDCPA:

    i) 15 U.S.C. §1692c(a)(3);

    ii) 15 U.S.C. §1692d(2);

    vii) 15 U.S.C. §1692d(5);

    ix) 15 U.S.C. §1692e(5);

    x) 15 U.S.C. §1692e(10);

    xi) 15 U.S.C. §1692e(11).

15. Sections 1692(c)(a)(3), provides in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

**...**

**(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.**

16. Sections 1692d(2) and d(5) state in pertinent part that:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**...**

**(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.**

**...**

**(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

17. Sections 1692 e(5), e(10) and e(11) state in pertinent part that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**...**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**...**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

...

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II - RFDCPA

18. Plaintiff incorporates paragraphs 1 - 17.

19. Defendant thereby violated the following provisions of the RFDCPA:

    i)    Cal. Civ. Code §1788 11(d);

    ii)   Cal. Civ. Code §1788.11(e);

    iii)  Cal. Civ. Code §1788.17.

20. Sections 1788.11(d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

...

**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**

...

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

21. Sections 1788.17 states in pertinent part as follows

"1788.17. Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED: February 16, 2011          **PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HEATHER ESGET, demands trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, HEATHER ESGET, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HEATHER ESGET, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED:_____

_____
HEATHER ESGET, PLAINTIFF

VERIFIED COMPLAINT